# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ENHANCED RECOVERY COMPANY, LLC,
TELEPHONE CONSUMER PROTECTION ACT
LITIGATION                                                    MDL No. 2398

## TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in the Southern District of California action, the Middle District of Florida *Blake* action, and the Northern District of Illinois action move to centralize this litigation in the Northern District of Illinois. This litigation currently consists of these three actions and one other, as listed on Schedule A. Defendants Enhanced Recovery Company, LLC (ERC) and Illinois Bell Telephone Company support centralization, but argue for transfer to the Middle District of Florida. No party opposes centralization.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that ERC violated the federal Telephone Consumer Protection Act (TCPA) by placing debt collection calls to plaintiffs' cell phones using an automated system, without the plaintiffs' consent. Although there are relatively few parties and actions at present, efficiencies can be gained from having these actions proceed in a single district. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. Centralization also is consistent with our prior decisions in *In re Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, MDL No. 2286, 818 F. Supp. 2d 1377 (J.P.M.L. 2011), and *In re Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation*, MDL No. 2295, 846 F. Supp. 2d 1380 (J.P.M.L. 2011).

We are persuaded that the Middle District of Florida is the most appropriate transferee district.[1] Two of the four actions are pending in that district, including one of the more advanced actions. The district has a nexus to the allegations given the location of ERC, the common defendant

---

[1] Although the Seventh Circuit has issued an interlocutory decision in the Northern District of Illinois action regarding interpretation of the TCPA, *see Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012), at oral argument ERC's counsel represented to the Panel that this decision pertains to an issue present only in the action pending in the Northern District of Illinois. We conclude that this decision, controlling in the Northern District of Illinois action but only persuasive authority in the other actions, is unlikely to significantly complicate the centralized proceedings in the Middle District of Florida.

-2-

in all the actions, in Jacksonville, Florida, and relevant documents and witnesses likely will be found there.  Centralization in the Middle District of Florida also provides us the opportunity to assign the litigation to a judge who is not presently presiding over other multidistrict litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Roy B. Dalton, Jr., for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: ENHANCED RECOVERY COMPANY, LLC,**
**TELEPHONE CONSUMER PROTECTION ACT**
**LITIGATION**                                                MDL No. 2398

## SCHEDULE A

<u>Southern District of California</u>

James Kubat v. Enhanced Recovery Company, LLC, C.A. No. 3:12-00435

<u>Middle District of Florida</u>

Latasha Blake v. Enhanced Recovery Company, LLC, C.A. No. 3:10-01178
Wanett Drinning-Duffee, et al. v. Enhanced Recovery Company, LLC,
     C.A. No. 3:12-00664

<u>Northern District of Illinois</u>

Teresa Soppet, et al. v. Enhanced Recovery Corporation, C.A. No. 1:10-05469